

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Valerie L. Forbes
*Special Assistant Corporation Counsel*
Office: (212) 356-0873

MEMO ENDORSED

June 17, 2024

**VIA ECF**
Hon. Colleen McMahon
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *A.G. v. New York City Dept. of Educ.*, 24-cv-1683 (CM)(GS)

Dear Judge McMahon:

6/24/2024
I have just returned from a week away to find this in my mailbox. Plaintiff must provide billing records by July 8, 2024

CM

    I am a Special Assistant Corporation Counsel in the office of Acting Corporation Counsel, Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

    I write to respectfully request that the Court order Plaintiff to provide, no later than June 20, 2024, relevant attorney billing records ("ABR") necessary for Defendant to formulate a reasonable settlement posture to resolve this case, and that this action be further stayed with a joint status letter due no later than Sep. 20, 2023 either informing the Court that the case has been fully resolved or proposing a briefing schedule on Plaintiff's simple fee application. This is the second request for a stay: by letter motion filed April 15, 2014 (ECF No. 8), and granted by the Court (ECF No. 9), Defendant requested the first 90-day stay until Jul. 1.

    Prior to seeking this stay, the undersigned had made requests *via* email for ABR. on May 30, June 7, and June 11. To date, however, Plaintiff's counsel has not provided ABR, responding on both May 30, and June 7, that they would provide ABR as soon as possible, and, on June 11, counsel responding: "As I'm sure you know, this is a very busy time of year for us. I will get you the billing as soon as possible." As this case requires no discovery and liability is not at issue, it is in essence nothing but a simple fee application. However, without ABR, Defendant cannot begin its internal settlement review process—which typically takes approximately 90 days to complete— and entails reviewing the ABR together with the underlying administrative record.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/24

We do not understand Plaintiff's delay. The billing records at issue are required to be prepared *contemporaneously* with the work Plaintiff's counsel performs related to this action and the underlying administrative proceedings. Many Judges in this District have stayed IDEA fees-only actions due to Plaintiffs' counsel's failure to provide ABR. Indeed, after Defendant made a motion to compel and to stay in *S.T.*, Judge Woods held a conference and voiced concern over a delay like the one at issue here:

> As a brief aside for counsel for plaintiff, if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. *I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation.* So, it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*S.T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL) (ECF 13; Sept. 11, 2020) (emphasis added) (directing provision of billing records).

Considering the foregoing, Defendant respectfully requests that Plaintiff's counsel be compelled to provide Defendant with ABR no later than June 20, 2024, and that this action be further stayed until Sep. 20, 2024, with a status letter due by the same date either informing that the case has been fully resolved or proposing a briefing schedule.

Thank you for considering these requests.

Respectfully submitted,
/s/
Valerie L. Forbes
Special Assistant Corporation Counsel

cc: Nicolas Apter-Vidler (via ECF)